IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Bartolo Sontay, Plaintiff

v.

Brandy's of Chicago, Inc. (d/b/a Brandy's Gyros – Harlem); Brandy's of Illinois, Inc. (d/b/a Brandy's Gyros – Des Plaines); Brandy's on Milwaukee, Inc. (d/b/a Brandy's Gyros – Milwaukee); and Emmanuel Stolidskis and Savvas Stolidakis, individually, Defendants

## COMPLAINT

Bartolo Sontay ("Plaintiff") pursuant to 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 et seq., the Illinois Minimum Wage Law ("IMWL"), the Municipal Code of Chicago Minimum Wage Ordinance §1-24 ("Ordinance"), and 820 ILCS §115/4 *et seq*, commonly known as the Illinois Wage Payment and Collection Act ("IWPCA"), complains against Brandy's of Chicago, Inc. (d/b/a Brandy's Gyros – Harlem); Brandy's of Illinois, Inc. (d/b/a Brandy's Gyros – Des Plaines); Brandy's on Milwaukee, Inc. (d/b/a Brandy's Gyros – Milwaukee); and Emmanuel Stolidskis and Savvas Stolidakis, (collectively, "Defendants"), and state:

### Introduction

1. Minimum and overtime wages are required by the FLSA, IMWL, and Chicago Minimum Wage Ordinance.

2. This action seeks redress for Defendants' failure to pay Plaintiff earned minimum and overtime wages.

3. Plaintiff is a former employee of the Defendants' and was not paid his earned minimum and overtime wages.

## Jurisdiction and Venue

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## Facts

7. Defendants own and operate Brandy's of Chicago, Inc. (d/b/a Brandy's Gyros – Harlem), located at 6262 North Harlem Avenue, Chicago, Illinois 60631; Brandy's of Illinois, Inc. (d/b/a Brandy's Gyros – Des Plaines), located at 584 East Oakton Street, Des Plaines, Illinois 60018; Brandy's on Milwaukee, Inc. (d/b/a Brandy's Gyros - Milwaukee), located at 5777 North Milwaukee Avenue, Chicago, Illinois 60646, within the three years preceding the filing of this complaint.

8. Emmanuel Stolidakis resides in and is domiciled in this judicial district.

9. Savvas Stolidakis resides in and is domiciled in this judicial district.

10. Savvas Stolidakis is the owner of Brandy's of Chicago, Inc. (d/b/a Brandy's Gyros – Harlem) and is involved in the day-to-day business operations of Brandy's of Chicago, Inc. (d/b/a Brandy's Gyros – Harlem) and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

11. Savvas Stolidakis is the owner of Brandy's of Illinois, Inc. (d/b/a Brandy's Gyros – Des Plaines) and is involved in the day-to-day business operations of Brandy's of Illinois, Inc. (d/b/a Brandy's Gyros – Des Plaines) and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll

accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

12. Emmanuel Stolidakis is the owner of Brandy's on Milwaukee, Inc. (d/b/a Brandy's Gyros - Milwaukee) and is involved in the day-to-day business operations of Brandy's on Milwaukee, Inc. (d/b/a Brandy's Gyros - Milwaukee) and has the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

13. Brandy's of Chicago, Inc. (d/b/a Brandy's Gyros – Harlem) is as an enterprise under 29 U.S.C. § 203(r)(1).

14. Brandy's of Illinois, Inc. (d/b/a Brandy's Gyros – Des Plaines) is as an enterprise under 29 U.S.C. § 203(r)(1).

15. Brandy's on Milwaukee, Inc. (d/b/a Brandy's Gyros - Milwaukee) is as an enterprise under 29 U.S.C. § 203(r)(1).

16. Brandy's of Chicago, Inc. (d/b/a Brandy's Gyros – Harlem) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

17. Brandy's of Illinois, Inc. (d/b/a Brandy's Gyros – Des Plaines) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

18. Brandy's on Milwaukee, Inc. (d/b/a Brandy's Gyros - Milwaukee) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

19. Brandy's of Chicago, Inc. (d/b/a Brandy's Gyros – Harlem) had annual gross sales of $500,000.00 or more during the last three years.

20. Brandy's of Illinois, Inc. (d/b/a Brandy's Gyros – Des Plaines) had annual gross sales of $500,000.00 or more during the last three years.

21. Brandy's on Milwaukee, Inc. (d/b/a Brandy's Gyros - Milwaukee) had annual gross sales of $500,000.00 or more during the last three years.

22. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

23. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

24. Plaintiff was employed by Defendants in Cook County, which is in this judicial district.

25. Plaintiff worked for Defendants from March 2015 to December 2016.

26. Plaintiff's job functions included cooking, cleaning, and attending to tables at Defendants' restaurants: Brandy's Gyros – Harlem; Brandy's Gyros – Des Plaines; and Brandy's Gyros – Milwaukee.

27. Defendants paid Plaintiff in cash throughout his employment.

## COUNT I: FLSA Overtime Wage Violation

28. Plaintiffs incorporate all paragraphs above as if fully restated below.

29. Plaintiff's notice of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

30. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

31. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

32. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

33. Plaintiff's wages were not based on the number of jobs performed or completed, nor were they based on the quality or efficiency of job performance.

34. Plaintiff is not exempt from the overtime provisions of the FLSA.

35. Defendants' failure to pay overtime violated the FLSA.

36. Defendants' FLSA violation was willful.

37. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

38. Plaintiff incorporates all paragraphs above as if fully restated below.

39. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

40. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

41. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

42. Plaintiff worked more than forty (40) hours in individual work weeks.

43. Defendants did not pay earned overtime wages to the Plaintiff.

44. Plaintiff was not exempt from overtime wages.

45. Defendants violated the IMWL by failing to compensate Plaintiff consistent with the IMWL's overtime wage provisions.

46. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

47. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: FLSA Minimum Wage Violation

48. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

49. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees, unless their employees are exempt.

50. Defendants did not pay Plaintiff at least the minimum wage for all hours worked in one or more workweeks during the prior three (3) years.

51. Defendants' failure to pay minimum wages violated the FLSA.

52. Defendants violated the FLSA by refusing to compensate Plaintiff consistent with the minimum wages provisions of the FLSA.

53. Plaintiff is entitled to recover unpaid minimum wages because Defendants' failed to pay at least the minimum wage.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. A judgment in the amount of the difference between the mandated minimum wage rate and the hourly wage paid to Plaintiff;

B. Award liquidated damages in an amount equal to unpaid overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT III – Chicago Minimum Wage Ordinance Violation

54. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

55. This count arises from Defendants' violation of the Ordinance, by failing to pay Plaintiff the City of Chicago-mandated minimum wages for all hours worked in individual work weeks starting on July 1, 2015.

56. Plaintiff was directed to work by Defendants and, in fact, did work but was not compensated at least at the City of Chicago-mandated minimum wage rate for all time worked in Chicago starting on July 1, 2015.

57. Plaintiff was entitled to be paid not less than the City of Chicago-mandated minimum wage for all hours worked in Chicago in individual work weeks starting on July 1, 2015.

58. Defendants did not pay Plaintiff the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2015.

59. Defendants' failure to pay Plaintiff the City of Chicago-mandated minimum wage rate for all hours worked in individual work weeks starting on July 1, 2015 was a violation of the Ordinance.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiff as provided by the Ordinance;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110;

C. Declare that Defendants have violated the Ordinance;

D. Enjoin Defendants from violating the Ordinance;

E. Award reasonable attorneys' fees and costs of this action as provided by the Ordinance; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT VI – IWPCA Violation

60. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

61. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiff all wages earned during all time worked for Defendant at the rate agreed to by the parties.

62. During the course of their employment with Defendants, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

63. In one or more individual work weeks, Defendants did not pay Plaintiff for all hours worked at the rates agreed to by the parties.

64. Plaintiff was entitled to be compensated for all time worked as agreed between the Plaintiff and Defendants.

65. Defendants' failure to pay Plaintiff for all time worked violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiffs as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Thursday, March 9, 2017.

**Bryan Pacheco**
*Counsel for the Plaintiff*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-878-1263
bpacheco@yourclg.com